UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TRESTIN HOLMES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No._____ |
| CLIENT SERVICES, INC., | § § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Trestin Holmes ("Plaintiff") files this Complaint against Defendant Client Services, Inc., ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and in support thereof, states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff, by his attorneys, brings this action to challenge the actions of Defendant with regard to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe

1

_____
Complaint and Demand for Jury Trial                                  *Holmes v. Client Services, Inc.*

emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

8. All violations alleged regarding the Fair Debt Collection Practices Act are material violations as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

9. This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq.* Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

10. Personal jurisdiction is established because Defendant conducts business within the state of Texas.

2

___
Complaint and Demand for Jury Trial　　　　　　　　　　　　　　　　　　　　　　　Holmes v. Client Services, Inc.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) Plaintiff resides in Carthage, Texas, wherein this judicial district lies; (ii) the conduct complained of herein occurred within this judicial district; and (iii) at all times relevant, Defendant conducted business within this judicial district.

## PARTIES

12. Plaintiff is a natural person who resides in Carthage, Texas, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the state of Missouri with a primary place of business and/or with its headquarters in Saint Charles Missouri. Plaintiff further alleges that, at all times relevant, Defendant conducted business within the state of Texas and in this Judicial District.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is a natural person residing within the State of Texas.

17. At all times relevant, Defendant conducted business in the State of Texas.

3

Complaint and Demand for Jury Trial                                              Holmes v. Client Services, Inc.

18. Sometime before April 2021, Plaintiff allegedly incurred financial obligations to an original creditor, CitiBank, N.A., that were money, property, or their equivalent, (the "Debt") which were due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

19. Sometime thereafter, but before April 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

20. Afterwards, the alleged Debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in an attempt to collect upon the Debt.

21. On or around April 27, 2021, Defendant sent Plaintiff a collection letter via mail in an attempt to collect the Debt from Plaintiff.

22. Concerned by Defendant's April 27, 2021 collection letter, on or around May 12, 2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed to be received by Defendant.

23. Defendant provided no response to Plaintiff's Dispute and Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt.

24. Despite Plaintiff sending the Dispute to Defendant and Defendant receiving the Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

25. Specifically, about one (1) month after Plaintiff's Dispute, on or around June 14, 2021, without providing Plaintiff the requested validation, verification, or proof of the Debt, Defendant sent Plaintiff another letter via mail attempting to collect the Debt and offering

Plaintiff a "Savings Plan" which was stated to expire September 27, 2021.

26. Additionally, without providing any validation or proof of the Debt to Plaintiff, on or around November 17, 2021, Defendant sent Plaintiff another collection letter via mail, requesting payment and offering Plaintiff a "Settlement Amount," which was stated to be valid until July 4, 2021.

27. Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt and continued to send Plaintiff collection letters in an attempt to collected on the Debt.

28. The abovementioned collection letters from Defendant were each a "communication(s)" as 15 U.S.C. § 1692a(2) defines that term.

29. Through the above conduct, Defendant violated 15 U.S.C. § 1692g(b) by continuing with attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

30. Though the above conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequences of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

31. Through the above conduct, Defendant violated 15 U.S.C §§ 1692e and 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

32. Through the above conduct, Defendant violated 15 U.S.C. § 1692f by engaging

5

Complaint and Demand for Jury Trial                                                    Holmes v. Client Services, Inc.

in unfair or unconscionable means to collect or attempt to collect the alleged debt.

33. Through all the above-described conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statutes discussed above. Specifically, Defendant has violated 15 U.S.C. §§ 1692d, 1692e, 1692e(10) 1692f, and 1692g(b) of the FDCPA.

34. As a direct and proximate result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff has suffered mental anguish by way of stress, frustration, anxiousness, and was misled and confused by Defendant's continued collection communications to Plaintiff.

35. Due to Defendant's ongoing violations of law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

36. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

37. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

38. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

## DEMAND FOR JURY TRIAL

39. Please take notice that Plaintiff hereby demands a trial by jury in this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding any and all other relief that this Court deems just and proper.

Dated: May 2, 2022　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　**KAZEROUNI LAW GROUP, APC**

　　　　　　　　　　　　　　　　　　By: */s/ Abbas Kazerounian*
　　　　　　　　　　　　　　　　　　Abbas Kazerounian, Esq.
　　　　　　　　　　　　　　　　　　1910 Pacific Ave, Suite 14155
　　　　　　　　　　　　　　　　　　Dallas, TX 75201
　　　　　　　　　　　　　　　　　　ak@kazlg.com
　　　　　　　　　　　　　　　　　　Telephone: (800) 400-6808
　　　　　　　　　　　　　　　　　　Fax: (800) 520-5523

　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

7

Complaint and Demand for Jury Trial　　　　　　　　　　　　　　　　Holmes v. Client Services, Inc.